PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00060-TLN-EFB |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $20,000.00 IN U.S. CURRENCY, and | |
| APPROXIMATELY $328.00 IN U.S. CURRENCY, | |
| Defendants. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On or about August 10, 2015, officers with the U.S. Forest Service ("USFS") seized Approximately $20,000.00 in U.S. Currency and Approximately $328.00 in U.S. Currency (hereafter collectively the "defendant currency").

2. The Federal Bureau of Investigation ("FBI") commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about January 4, 2016, the FBI received a claim from Francisco Ramirez-Balbuena ("Ramirez-Balbuena" or "claimant") asserting ownership interest in the defendant currency.

3. Claimant does not contest the United States' representation that it could show at a forfeiture trial that on August 10, 2015, officers with the USFS initiated a traffic stop on the vehicle

Ramirez-Balbuena was driving in the Shasta-Trinity National Forest for having front and rear paper license plates without a visible temporary operating permit in violation of California law.

4. Claimant does not dispute the United States' representation that it could further show at trial that during the traffic stop, the officer walked up to the driver side and observed the odor of marijuana emanating from the vehicle.  The vehicle was occupied by Ramirez-Balbuena (driver) and Alberto Garcia (passenger).  Ramirez-Balbuena opened up his wallet and the officer noticed several $20 dollar bills in his wallet.  The officer asked Ramirez-Balbuena if he had any large amounts of cash in the vehicle and Ramirez-Balbuena responded that he had $20,000 cash in a backpack behind his seat.  Ramirez-Balbuena did not have the vehicle registration in his possession.  A records check revealed that the registered owner of the vehicle is Primitivo Balbuena ("claimant").

5. Claimants do not dispute the United States' representation that it could further show at trial that passenger Alberto Garcia ("Garcia" or "claimant") admitted to possessing a small amount of marijuana.  Trinity County Dispatch informed the officer that there was an outstanding arrest warrant for Ramirez-Balbuena out of Tehama County.  The officer asked Garcia if he had any cash on his person and Garcia stated he had about $900 in cash.  Officer Phillips then arrived on the scene to assist with the traffic stop and outstanding warrant.

6. Claimants do not contest the United States' representation that it could further show at trial that officers conducted a probable cause search of the vehicle and retrieved the backpack.  The back pack contained a black plastic bag with $20 bills inside stacked in quantities of fifty with a rubber bank around them and rubber banded into four stacks of five, totaling $5,000 a stack.  In addition, a plastic baggy was found in the backpack that contained 25.8 grams of marijuana.  The officers found $328 in Ramirez-Balbuena's wallet and pants, and $860 on Garcia.  Violation notices were issued to Ramirez-Balbuena and Garcia for Possession of Marijuana and Possession of an Open Container of Alcohol in a Motor Vehicle.  Ramirez-Balbuena was arrested on the warrant and transported to the Trinity County Sheriff's Office.

7. Claimants do not contest the United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

8. Without admitting the truth of the factual assertions contained above, claimants

specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency.  Francisco Ramirez-Balbuena acknowledged that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

9.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

10. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

11. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

12. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

13. Upon entry of this Consent Judgment of Forfeiture, $10,164.00 of the Approximately $20,000.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

14. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following assets shall be returned to potential claimant Francisco Ramirez-Balbuena through his attorney Kenneth M. Bareilles:

    i.  $9,836.00 of the Approximately $20,000.00 in U.S. Currency, and

    ii. Approximately $328.00 in U.S. Currency.

15. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out

of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimants waived the provisions of California Civil Code § 1542.

16. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

17. All parties will bear their own costs and attorney's fees.

18. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED.

Dated: June 29, 2016

Troy L. Nunley
United States District Judge